BRETT L. TOLMAN, United States Attorney (#8821)
WILLIAM K. KENDALL, Assistant United States Attorney (#7906)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: 801.524.5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUN 0 4 2009

BY D. MARK JONES, CLERK

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:08 CR 604 TC |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| PAUL CASEY KREHBIEL, | : | Honorable Tena Campbell |
| Defendant. | : | |

     I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

     1.     As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment, 18 U.S.C. § 922(g)(1) Possession of a Firearm by a Convicted Felon. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me.
The elements of Count I are:
A) I did knowingly possess a firearm; and
B) I have been convicted of a felony, that is, a crime punishable by imprisonment for term exceeding one year, before I possessed the firearm; and
C) Before I possessed the firearm, it had moved at some time from one state to another.

     2.     I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 922(g)(1) Possession of a Firearm by a Convicted Felon, is a term of imprisonment of up to ten years, a fine of $250,000, and a term of supervised release of up to three years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

Furthermore, restitution to any victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A. I have also subjected real and personal property to forfeiture, namely: a Remington rifle and a Remington shotgun, pursuant to 18 U.S.C. § 924(d)(1) because the firearms were involved in or used in any knowing violation of 18 U.S.C. § 922.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
> (h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, I will enter a conditional plea of guilty to Count I of the Indictment. My plea is conditioned on reservation of my right to appeal the Court's Order and Memorandum Decision of April 16, 2009 denying my motion to suppress statements made in the hotel room prior to formal arrest. The government has consented to a conditional plea, but I understand that such a plea is subject to the approval of the Court.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

On August 4, 2007 in Salt Lake County, Utah I knowingly had in my possession a Remington rifle and a Remington shotgun. Before I possessed these firearms they had moved at some time from one state to another. Before possessing these firearms I had been previously convicted of a crime punishable by imprisonment for more than one year.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees:

        (1) I will plead guilty to Count I Indictment, reserving my right to appeal the Court's denial of my Motion to Suppress statements as detailed in Paragraph 8;

        (2)(a) I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the

proceeds of his offense, including the following specific property: a Remington rifle and a Remington shotgun;

(2)(b) I agree to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement;

(2)(c) I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge I understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted;

(2)(d) I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

B.  The United States agrees:

(1)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines; and

(1)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction;

\* \* \* \*

I make the following representations to the Court:

1. I am _23_ years of age. My education consists of _12th grade_. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 4th day of June, 2009.

_[signature]_
PAUL CASEY KREHBIEL
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 4th day of June, 2009.

_____
ROBERT BREEZE
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 4th day of June, 2009.


BRETT L. TOLMAN
United States Attorney

_____
WILLIAM K. KENDALL
Assistant United States Attorney